## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND DIVISION

| | | |
|---|---|---|
| KIMBERLY VARNADORE, Individually | § | |
| and as PERSONAL REPRESENTATIVE OF | § | |
| THE ESTATE OF KENNY VARNADORE, | § | |
| deceased, and as PARENT AND GUARDIAN | § | |
| of BV, MV and WY (MINORS) and | § | |
| TRACIE O'STEEN, Individually, | § | |
| | § | |
| Plaintiffs | § | |
| vs. | § | Case. No.  7:20-cv-271 |
| | § | |
| MICHAEL CALWONSEN and | § | |
| GREEFF TRANSPORTATION, LLC | § | Jury Demand |
| | § | |
| Defendants | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

COME NOW, the Plaintiffs Kimberly Varnadore, Individually and as Personal Representative of The Estate of Kenny Varnadore, deceased, and as Parent and Guardian of BV, MV AND WY (minors) and Tracie O'Steen, Individually, and for their causes of action against the Defendants, allege as follows:

## THE PARTIES

1. Plaintiff Kimberly Varnadore is a resident of Midland and citizen of Texas and is the widow and personal representative of the deceased Kenny Varnadore, and mother of minors BV, MV, WY who are her natural children with the deceased Kenny Varnadore.

2. Plaintiff Kenny Varnadore, deceased was a resident of Midland and citizen of Texas at all relevant times.

3. Plaintiff Tracie O'Steen is the mother of Kenny Varnadore and citizen of Texas.

1

4. Defendant Michael Calwonsen is a citizen of the State of Oklahoma. He can be served with process by serving him at his address of 233 East Maple Street Fairview, Oklahoma 73737.

5. Defendant Greeff Transportation LLC is a company that is both incorporated in and has its principal place of business in the State of Oklahoma. It can be served with process by serving its registered agent, James Stockton, 1901 S. Kelly Ave., Suite 100, Edmond, Oklahoma 73013

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this case based upon diversity of citizenship under 28 U.S.C. § 1332, as the Plaintiffs are citizens of different states from Defendants and the matter in controversy, without interest and costs, exceeds the sum of $75,000.00.

7. This Court has personal jurisdiction over each Defendant. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391(a)(2) because a substantial portion of the events and omissions giving rise to this lawsuit occurred in this judicial district.

## FACTUAL ALLEGATIONS

8. This case arises out of a collision that occurred on February 29, 2020 near Stanton, Texas in Martin County within the Western District of Texas.

9. At all relevant times, Defendant Calwonsen was an employee of Defendant Greeff Transportation LLC and was acting in the course and scope of his employment at the time of the referenced collision.

10. On February 29, 2020, Defendant Calwonsen was traveling north on State Highway 137 in Martin County, within the Western District of Texas when he made a left-hand turn and struck Kenny Varnadore's pick-up truck.

11. Decedent Kenny Varnadore had taken possession of the lane in that he had already safely passed one tractor trailer and had almost completely passed the Defendant Calwonsen when Defendant turned left striking Mr. Varnadore, causing his vehicle to roll over.

12. The collision caused Mr. Varnadore to sustain massive injuries.  He suffered from those injuries until he eventually succumbed to them and died on February 29, 2020.

13. At the time of his death Kenny Varnadore was thirty- four years old.

14. Mr. Varnadore had a life expectancy of at least seventy (70) years.

15. The collision was caused by the negligence, gross negligence, and reckless indifference of Defendant Calwonsen, including as follows:

    a.  He failed to properly check to make sure it was clear before beginning his turn;

    b.  He failed to properly turn;

    c.  He failed to maintain his vehicle safely in his lane of travel;

    d.  He failed to properly signal his intention to turn;

    e.  He failed to properly utilize his brakes and speed;

    f.  He failed to yield to Kenny Varnadore's vehicle who had taken control of the lane while safely passing;

    g.  He failed to keep a proper lookout;

    h.  He was otherwise negligent, grossly negligent and acted with reckless indifference as will be more fully set forth after discovery is complete.

16. Defendant Greeff Transportation LLC is vicariously liable for the tortious acts of Michael Calwonsen under the doctrine of respondeat superior since Michael Calwonsen was acting in the course and scope of his employment with Defendant Greeff Transportation LLC at the time of the collision.

17. Defendant Greeff Transportation LLC was negligent, grossly negligent, and acted in reckless disregard, including by:

    a.  Failing to adequately supervise Defendant Calwonsen in that if it had it would have discovered that Michael Calwonsen was not safe to carry out the duties assigned to him by Defendant Greeff Transportation LLC thereby creating an unreasonable risk of harm to others;

    b.  Failing to properly monitor the hours and time Defendant Calwonsen operated his vehicle resulting in Defendant Calwonsen failing to maintain the safe and alert mental condition required to operate a commercial vehicle;

    c.  Failing to adequately train Defendant Calwonsen;

    d.  Failure to properly review and enforce safety procedures;

    e.  Failure to properly train, review and enforce driver's operation hours and make sure that they were not driving while impaired.

### **SURVIVAL DAMAGES**

18. As a result of the actions of the Defendants, Plaintiffs' Decedent Kenny Varnadore endured conscious physical and mental pain and suffering prior to his death.  As a result,

Plaintiff Kimberly Varnadore as Personal Representative of the Estate of Kenny Varnadore, seeks to recover damages for Kenny Varnadore's conscious pain and suffering and all allowable damages on behalf of the Estate of Kenny Varnadore. Additionally, Plaintiff seeks to recover reasonable and necessary medical charges, funeral and burial expenses.

## WRONGFUL DEATH DAMAGES

19. Plaintiffs, Kimberly Varnadore, BV, MV, WY (Minors) and Tracie O'Steen seek to recover all damages, past and future which they have and will sustain as a result of the death of Kenny Varnadore.  The damages each seek include:

    a.  Mental anguish each have experienced as a result of the death of Kenny Varnadore, past and future;

    b.  Loss of companionship and society, including the loss of positive benefits flowing from the love, comfort, companionship and society that each would in reasonable probability have received from Kenny Varnadore had he lived;

    c.  Loss of advice and counsel that each would, in reasonable probability, have received from Kenny Varnadore had he lived;

    d.  Pecuniary loss that each suffered as a result of the death of Kenny Varnadore;

    f.  Loss of inheritance.

## GROSS NEGLIGENCE

20. As a result of the gross negligence of the Defendants, Plaintiffs seek exemplary damages pursuant to Tex. Civ. Prac. & Rem. Code Ch. 71.

## INTEREST AND COURT COSTS

21.  Plaintiffs seek the recovery of pre-judgment and post judgment interest as authorized by

law.  Plaintiffs also seeks recovery for all court costs.

## JURY DEMAND

22. Plaintiffs demand trial by jury pursuant to Fed. R. Civ. P. 38(b).

## PRAYER

WHEREFORE, the Plaintiffs pray for judgment against the Defendants for damages set

forth above, costs of suit herein, interest and such other and further relief as the Court deems just

and equitable.

Respectfully submitted,

Michael C. Smith
State Bar No. 18650410
Siebman, Forrest, Burg & Smith, LLP
113 E. Austin Street
Marshall, Texas 75671
Office: (903) 938-8900
michaelsmith@siebman.com

Brent Carpenter
Carpenter & Carpenter, P.C.
(Pro Hac Vice Application to be filed)
State Bar No. 03848500
322 Brooks Street
Sugar Land, Texas 77478
(281) 565-5900
E-Mail:  Filing@carpentercarpenter.com

*ATTORNEYS FOR PLAINTIFFS*

6